UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

    HOWARD L. HENDERSON,

                Debtor.

Chapter 13
Case No.: 1-08-48268-jmm

# ORDER AND JUDGMENT

Upon the motion of debtor Howard L. Henderson ("Debtor") for violation of the automatic stay pursuant to 11 U.S.C. § 362(k) by creditor Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities, Inc., Asset-Backed Pass-Through Certificates, Series 2005-R9 ("Creditor") (the "Stay Violation Motion") [ECF No. 24], with respect to Debtor's real property located at 108-30 Liverpool Street, Jamaica, New York 11435 (the "Property"); and hearings on the Motion having been held on November 16, 2021, January 27, 2022, March 15, 2022, July 20, 2023, August 22, 2023, December 14, 2023, April 9, 2024, July 11, 2024, December 17, 2024, and February 6, 2025, culminating in an evidentiary trial on damages held on April 3, 2025, and June 10, 2025; and good and sufficient notice of the Motion and the hearings and trial having been provided, and counsel for both Debtor and Creditor having appeared; and the Court having read, heard, and considered all submissions, arguments, and evidence of the parties, and any objections thereto; and good cause appearing therefore, and

**WHEREAS**, on December 4, 2008, Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code [ECF No. 1], which the Court dismissed on March 6, 2009 [ECF No. 16], and closed on March 16, 2009 [ECF No. 20]; and

**WHEREAS**, on October 13, 2021, Debtor moved to reopen this Chapter 13 case to seek damages from Creditor for its willful violation of the automatic stay under 11 U.S.C. § 362(k) [ECF No. 23]; and

**WHEREAS**, this matter concerns a Note and Mortgage dated August 24, 2005, in the original principal amount of $457,000.00, executed by Debtor in favor of Ameriquest Mortgage Company, the repayment of which was secured by a lien on Debtor's Property recorded in the Office of the City Register of the City of New York on September 26, 2005, under CRFN 2005000536142, and which were the subject of foreclosure actions filed in the Supreme Court of the State of New York, Queens County, under Index Nos. 21001/2007 and 10743/2011 (which was later converted to e-filing and assigned NYSCEF Index No. 700143/2021); and

**WHEREAS**, this Court has jurisdiction over this contested matter under 28 U.S.C. §§ 157(a), 157(b)(1), 157(b)(2)(A), and 1334(b), and the Eastern District of New York Standing Order of Reference, dated August 28, 1986, as amended by the Order dated December 5, 2012; Debtor's claim for damages for Creditor's violation of the automatic stay is a core proceeding; and

**WHEREAS**, on March 4, 2022, this Court entered an Order Reopening Debtor's Chapter 13 Case [ECF No. 39] to permit the Debtor to pursue these claims against the Creditor; and

**WHEREAS**, at a hearing held on February 13, 2024, regarding the parties' motions for summary judgment [ECF Nos. 58, 60], the Court preliminarily ruled that Creditor willfully violated the automatic stay by refusing to convey the Property back to the Debtor; and

**WHEREAS**, on July 11, 2024, the Court ruled on the parties' summary judgment motions [ECF No. 75], holding that Creditor willfully violated the automatic stay, but denying Debtor's summary judgment motion due to a material factual dispute regarding the amount of damages, and

scheduling an evidentiary trial regarding Debtor's claims for actual and punitive damages, and Creditor's laches defense [ECF No. 77]; and

**WHEREAS**, trial proceeded on April 3, 2025 [ECF Nos. 98, 102-1], and June 10, 2025 [ECF No. 102-2]; and at trial, the Court heard testimony from (1) Debtor, (2) Jordan Manfro – a partner at the law firm that represented Creditor in the foreclosure action against Debtor, and (3) Gina Feezer – a Senior Loan Analyst in the law department of Onity Group, Inc., the parent company of PHH Mortgage Corporation, the servicer of Debtor's mortgage loan on the Property; and evidence was admitted into the record regarding the extent of the Debtor's damages; and

**WHEREAS**, following the parties' submission of post-trial briefing [ECF Nos. 100-104, 109-110], the Court issued a *Memorandum Decision on Damages for Violation of the Automatic Stay Pursuant to 11 U.S.C. § 362(k)* dated January 9, 2026 (the "Memorandum Decision") [ECF No. 111], with findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052; and

**WHEREAS**, the Court found that Creditor's conduct in failing to remedy the stay violation and holding title to Debtor's Property hostage for almost five years, after it had actual notice of the stay violation, was a willful and egregious violation of the automatic stay, warranting both actual and punitive damages; and

**WHEREAS**, the Court found that Debtor presented sufficient and credible evidence to support awards of actual and compensatory damages for lost FEMA benefits, attorneys' fees and costs, and emotional distress, and that Creditor failed to satisfy its burden of proof to establish a defense of laches; and

**WHEREAS**, the Court found that because Debtor testified credibly as to the adverse impact of Creditor's years-long stay violation on his life and his health, Creditor did not produce any evidence to the contrary, and a reasonable person under the same circumstances would have

suffered severe emotional distress, that Debtor is therefore entitled to compensation equal to approximately $131.59 per day for the 1,915-day period from December 5, 2008 (the date of the foreclosure sale that violated the stay), to March 7, 2014 (the date title to the Property was restored to Debtor); and

**WHEREAS**, the Court determined that the Debtor is entitled to actual damages in the aggregate amount of $327,000.00, comprising (i) $20,000.00 in lost FEMA benefits, (ii) $55,000.00 in legal fees and costs incurred in state court litigation, and (iii) $252,000.00 for emotional distress; and

**WHEREAS**, the Court determined that Debtor is further entitled to an award of attorneys' fees and costs incurred in litigating his stay violation claims, in an amount to be determined following Debtor's submission of a post-judgment motion for fees; and

**WHEREAS**, the Court determined that because of the egregious nature of Creditor's conduct in refusing to remediate its stay violation for more than four years to coerce Debtor to settle his claims against Creditor, punitive damages equal to four times the actual damages awarded are necessary to punish the Creditor and deter future misconduct; and

**WHEREAS**, the Court determined that additional equitable relief is required to restore Debtor to the *status quo ante*, by precluding the collection of interest and fees that accrued on the mortgage debt during the period of the stay violation;

**NOW, THEREFORE**, in conformity with the Memorandum Decision, and for the reasons set forth therein, it is hereby

**ORDERED, ADJUDGED, AND DECREED** as follows:

1.  Judgment is entered in favor of Debtor and against Creditor in the sum of $327,000.00, as actual compensatory damages pursuant to 11 U.S.C. § 362(k)(1).

2.      Judgment is entered in favor of Debtor and against Creditor in the sum of $1,308,000.00, as punitive damages pursuant to 11 U.S.C. § 362(k)(1).

3.      The total money judgment awarded herein in favor of Debtor and against Creditor is **$1,635,000.00**, plus post-judgment interest at the federal statutory rate pursuant to 28 U.S.C. § 1961, from the date of entry of this Order and Judgment.

4.      Creditor, and its successors, assigns, servicers, and agents, are hereby permanently enjoined from seeking, enforcing, collecting, or demanding any interest, fees, costs, late charges, attorneys' fees, or other charges on the subject Note and Mortgage secured by the Property that accrued on or after December 5, 2008.  Thus, the terms of this Judgment and Order shall also be binding upon any and all of Creditor's successors, assigns, servicers, and agents, and the Queens County Clerk shall accept a copy of this Order and Judgment for recording as notice of such terms, and shall cross-reference such recording with the Mortgage recorded against the Property on September 26, 2005, under CRFN 2005000536142.

5.      Creditor's entitlement to proceeds from the Note and Mortgage, including a payoff of the mortgage debt, exercise of the right of redemption in foreclosure, or sale of the Property at a foreclosure sale or otherwise, shall be strictly limited to the principal balance and lawful amounts due and owing under the Note and Mortgage as of December 5, 2008.

6.      This Court retains concurrent jurisdiction with the Supreme Court of the State of New York to hear and determine any disputes regarding calculation of the amount due on the Note and Mortgage as of December 5, 2008, to ensure compliance with the injunctive relief granted herein.

7.      Any proceeds from a foreclosure sale, loan payoff, or exercise of the right of redemption in foreclosure in excess of the amount due on the Note and Mortgage as of December

5, 2008, shall be deemed surplus proceeds and shall be remitted to the Queens County Clerk for distribution to the Debtor or other lawful claimants in accordance with New York Real Property Actions and Proceedings Law.

8. Debtor is also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting his Bankruptcy Code § 362(k) claim in this Court, which he may seek by filing a post-judgment motion pursuant to Fed. R. Civ. P. 54(d)(2) and Fed. R. Bankr. P. 7054, within fourteen (14) days of the entry of the Court's Memorandum Decision (*i.e.*, by January 23, 2026).

9. Debtor's concurrent request for judgment holding PHH Mortgage Corporation ("PHH") jointly and severally liable with Creditor for actual and punitive damages is denied for failure to provide PHH with notice of Debtor's request for relief as to PHH.

10. Counsel for the Debtor is directed to serve a copy of this Order and Judgment upon the Creditor, and any other parties in interest who do not receive notice via the Court's CM/ECF system, within seven (7) days of its entry, and to file a certificate of service with the Court.

11. This Order and Judgment constitutes a final adjudication of the matters addressed in the Memorandum Decision [ECF No. 111], and resolves the contested matter regarding damages for Creditor's violation of the automatic stay, as raised in Debtor's motion filed on October 13, 2021 [ECF No. 24].

Dated: January 26, 2026
Brooklyn, New York



_____
Jil Mazer-Marino
United States Bankruptcy Judge